# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | Case No.: | 20-80240-CRJ13 |
| **Adam Bennett Loveless** | Chapter: | 13 |
| **Nicole Therese Loveless** | Judge: | Jessup |

_____

**Nicole Therese Loveless**

    Plaintiff,

vs.                                                             A.P. No:    20-80

**NXTStep Family Law, P.C.**

    Defendants.

_____/

## COMPLAINT FOR VIOLATION OF AUTOMATIC STAY

Now Comes, Nicole Therese Loveless , Debtor in the aforementioned bankruptcy case and Plaintiff "Plaintiff" in this adversary proceeding, by and through his attorney, Joseph G. Pleva, hereby makes the following allegations in his complaint against the Defendants NXTStep Family Law, P.C. "Defendants".

### INTRODUCTION

1. This is an action for damages filed by the debtor pursuant to Section 362(a)(4), (a)(5), and (a)(6) of the Bankruptcy Code and Rules 7001 and 2106 of the Federal

Rules of Bankruptcy Procedure and for injunctive relief to prohibit future violations of the Bankruptcy Code.

2. This action is also filed to enforce and to implement provisions of the Confirmed Chapter 13 Plan and other Bankruptcy Code provisions and Rules related thereto.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred on this Court pursuant to the provisions of Sections 157 and 1334 of Title 28 of the United States Code, and Sections 362, 506, 524(i), 1306, 1322, 1328 of the Bankruptcy Code, and rules 7001 and 2016 of the Bankruptcy Court has jurisdiction to enter a final order.

4. This matter is a core proceeding and therefore the Bankruptcy Code has jurisdiction to enter a final order.

5. Venue lies in this Distict pursuant to Section 1391(b) of Title 28 of the United States Code.

**PARTIES**

6. Plaintiff is a debtor in the above referenced Chapter 13 Bankruptcy Case which was commenced on January 23, 2020. Defendant NEXStep Family Law, P.C. "NEXStep" is a comapny organized and existing, to the best of Plaintiff's knowedge, under the laws of the State of Alabama.

7. At all times material to this complaint, Defendants regularly and systematically conducted business in the State of Alabama, and particularly within that portion of the State of Alabama lying within this court's distict and division, and it is these business transactions that give rise to this litigation.

8. Defendant is listed as a creditor in the Schedules filed by Plaintiff in his Bankruptcy Petition. The addrress provided by Plaintiff on Schedule F of his Bankruptcy petition is the regular place of business for defendants.

9. Plaintiff brings this action to recover the actual damages she has sustained as a result of Defendant's wilful violation of the automatic stay in this case and to recover punitive damages from Defendant for that violation.

10. This adversary proceeding arises in a case under Title 11 of the United States Code and is a core proceeding since it concerns administration of Plaintiff's banrkuptcy estate and affects the adjustment of the debtor-creditor relationship between Plaintiff and Defendant. As this is a core proceeding, this court has jurisidiction over this adversary proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (E), and (O), and 28 U.S.C. Section 1334(b).

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference the allegations in paragraphs 1-10 of this complaint.

12. On or about April 9, 2019 Plaintiff visited Defendant's and entered into a retainer agreement for legal services related to a family law matter.

13. On January 23, 2020, Plaintiff, unable to pay this obligation as well as his other debts, filed a Petition for Bankruptcy Relief under Chapter 13 of the United States Bankruptcy Code.

14. Pursuant to Section 362(a) of the Bankruptcy Code, the commencement of Plaintiff's bankruptcy case gave rise to an automatic stay injunction which, among other things, prohibits Defendant from attempting to collect from Plaintiff any pre-petition obligation owed by Plaintiff to Defendant other than by filing a claim with this Court for payment under the terms of the Chapter 13 Plan.

15. As part of the schedules filed along with his Petition, Plaintiff listed Defendant as a creditor. Plaintiff listed Defendant's address as 1000 Church St., NW, Huntsville, AL 35801. Plaintiff listed the amount owing to Defendant as $637.75.

16. The above listed address is an address for Defendant that appeared on statements provided by Defendant to Plaintiff prior to her filing for Bankruptcy relief. As well, this address is the physical address of Defendant's law offices.

17. On January 25, 2020, this Court served a copy of the Notice of Chapter 13 Bankruptcy Case on the Defendant and all other listed creditors by the Bankruptcy

Court. Said notice states what rights creditors have, and what actions they are barred from taking as a result of the imposition of the Automatic Stay Injunction. The notice further states that creditors who violate the stay can be required to pay actual and punitive damages and attorney fees.

18. On February 11, 2020, Defendant filed a proof of claim (PACER CLAIM #5)in Plaintiff's underlying Bankruptcy Case. Defendant listed their address as 1000 Church St., NW, Huntsville, AL 35801.

19. Despite having both notice and actual knowledge of the commencement of Plaintiff's Bankruptcy case, on October 2, 2020 Defendant commenced a collection action in Madison County Small Claims Court (Case No. 47-SM-2020-904367.00)

20. As a result of having been listed as a creditor in Plaintiff's bankruptcy petition, Defendant received both notice and was provided actual knowledge of both the commencement of Plaintiff's case of and all subsequent proceedings. Moreover, the fact that Defendant filed a claim in Plaintiff's Bankruptcy case provides clear proof that they knew of the bankruptcy filing.

21. Despite the imposition of the automatic stay by the commencement of the case and despite having both notice and actual knowledge of the commencement of the case and imposition of the automatic stay, Defendant sent or caused to be sent to Plaintiff, correspondance on March 6, 2019 and November 22, 2019 that were intended to be an attempt to collect from Plaintiff a pre-petition obligation owed by Plaintiff to Defendant.

22. The actions of Defendant violate 11 USC 362(a)(6) as set forth in this complaint.

23. Plaintiff has sustained and continues to sustain injury and damage as a result of the Defendant's continuing violation of the automatic stay.

24. Under 11 USC §362(k)(1), Plaintiff is enttiled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Defendant for its willful, systematic, and intentional violation(s) of the automatic stay. This Defendant, as a law practice with attorneys licensed to practice law in the State of Alabama should understand the Automatic Stay injunction. The fact that they knew of the Bankruptcy and Automatic Stay injunction and proceeded to bring suit against plaintiff is a should give rise to such punitive damages as the court sees appropriate under the circumstances.

25. Defendant's actions evince contempt and disdain for this Honorable Court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

**WHEREFORE,** Plaintiff asks this court to enter a Judgment:

1. Awarding Plaintiff compensitory damages against Defendant including reasonable attorneys fees and costs incurred by Plaintiff in preparation and prosecurtion of this adversary proceeding;

2. Awarding Plaintiff punitive damages against Defendant for its wilful, systemic, repeated, and intentional violation of this Automatic Stay Injunction, such damages being intended to instill in Defendant and other creditors due respect for this court and its orders and to deter them from taking similar action against Plaintiff and other similarly situated debtors in the future,

3. Granting Plaintiff any additional or different relief this court deems appropriate under the circumstances.

                                                    Respectfully Submitted,

Date:  October 12, 2020                             **/s/ Joseph G. Pleva**
                                                    Joseph G. Pleva
                                                    Attorney for Debtor
                                                    3330 L and N Dr., Suite C
                                                    Huntsville, AL 35801
                                                    256-617-7115
                                                    plevalaw@gmail.com